IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY,<br>           Plaintiff,<br><br>           v<br><br>GEMMA PIERCHALSKI,<br>           Defendant,<br><br>GEMMA PIERCHALSKI<br>           Counter Claimant,<br><br>SAFECO INSURANCE COMPANY<br>           Counter Defendant. | ) <br> ) <br> ) <br> )   2:14-cv-1550<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

"Safeco CVO" commenced this litigation by filing a Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania on April 25, 2014. On October 14, 2014, the named Defendant, Gemma Pierchalski, filed a Counter-Claim Complaint against "Safeco Insurance Company." On November 12, 2014, Safeco Insurance Company[1] filed a timely Notice of Removal to this Court pursuant to 28 U.S.C. § 1441, which asserted that this Court has subject-matter jurisdiction based solely on 28 U.S.C. § 1332(a) (diversity of citizenship). The removal has not been challenged.

A federal court has a non-delegable duty to ensure that it may exercise subject-matter jurisdiction, even if it is not contested by the parties. *Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n*, 554 F.2d 1254, 1256-57 (3d Cir. 1977) (explaining that courts should

---

[1] The Notice of Removal avers that "Safeco Insurance Company" is the original Plaintiff, which commenced the action. It is unclear whether "Safeco Insurance Company" is the same entity as "Safeco CVO."

narrowly construe diversity jurisdiction based on considerations of judicial economy and federalism/comity with the state courts). The removal statute, 28 U.S.C. § 1441, is to be strictly construed against removal, with all doubts resolved in favor of remand to the state court. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). The removing party bears a heavy burden to establish that the action is properly before the court. *Id.*

There must be complete diversity of citizenship of adversarial parties. *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010). Diversity jurisdiction "must be narrowly construed so as not to frustrate the congressional purpose behind it: to keep the diversity caseload of the federal courts under some modicum of control." *Packard v. Provident Natl. Bank*, 994 F.2d 1039, 1044-45 (3d Cir. 1993). In *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013), the United States Court of Appeals for the Third Circuit noted the Supreme Court's "unwavering insistence" that jurisdictional rules remain as simple as possible. *Id*. at 348.

In *Hertz Corp. v. Friend*, the Supreme Court recounted the historical development of the diversity jurisdiction rules governing corporations. Of note, the Supreme Court explained that: (1) diversity jurisdiction is conferred on the federal courts by Congress; (2) corporations were initially not regarded as citizens; (3) in 1844, the Supreme Court held that a corporation would be deemed an artificial person of the state by which it was created; (4) that the "state of incorporation" rule was susceptible to manipulation and was incompatible with the underlying rationale to prevent prejudice against out-of-state parties; (5) that many persons believed that federal dockets contained too many diversity cases; (6) and therefore, Congress deemed corporations to be citizens <u>both</u> of the state of incorporation <u>and</u> the state of their principal place

of business (nerve center) in order to stem the quantity of diversity litigation. *Hertz*, 559 U.S. 77, 84-88 (2010).

The Counterclaim Complaint filed by Pierchalski avers that she is a resident of Pennsylvania. The Counterclaim Complaint does not plead the citizenship of Safeco, except to aver that it has an office located in Pittsburgh, Pennsylvania. The Counterclaim Complaint asserts several causes of action arising under Pennsylvania law, arising from an automobile insurance coverage dispute. Pierchalski seeks more than $75,000 in damages.

The Counterclaim Complaint avers that the insurance policy was issued by Safeco Insurance Company. The Notice of Removal – in stark contrast – states that Safeco Insurance Company is not an existing entity. The Notice of Removal avers that the applicable policy was issued by American States Insurance Company. Neither party has provided to the Court a copy of the actual policy. The removing party contends that diversity of citizenship jurisdiction is proper because American States Insurance Company -- a non-party -- is a citizen of Indiana and Massachusetts.

The removing party in this case – ostensibly, Safeco Insurance Company – has not carried its burden to demonstrate removal jurisdiction. As an initial matter, based on the averments in the Notice of Removal, it is unclear whether Safeco Insurance Company has the capacity to prosecute this action pursuant to Fed. R. Civ. P. 17. In addition, the removing party has failed to plead the citizenship of Safeco Insurance Company and/or Safeco CVO; to fully describe the relationship between Safeco Insurance Company, Safeco CVO, and American States Insurance Company; and to explain why the original state court action and Notice of Removal were filed on behalf of Safeco CVO and Safeco Insurance Company, respectively.[2]

---

[2] The Court notes that the Disclosure Statement reflects that yet another entity, "Safeco Corporation," owns 100% of the stock of American States Insurance Company.

Accordingly, the Court is unable to determine whether it may properly exercise subject-matter jurisdiction over this case.

AND NOW, this 18th day of November, 2014, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that the removing party shall file a Declaration which establishes the Court's subject-matter jurisdiction over this case on or before December 2, 2014. Ms. Pierchalski may file a response thereto on or before December 9, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  **William C. Foster, Esquire**
Email: wcfoster@mdwcg.com

**Gregory A. Zohoranacky**
Bashline & Hulton
210 Sixth Avenue
Pittsburgh, PA 15222

**Kim A. Bodnar, Esquire**
Email: atty@kabodnar.com